Louis E. Kuster, Respondent, *v.* Press Publishing Company, Appellant.

*Libel — when the court and when the jury are to determine whether a certain charge is made — a letter written by a third party, as evidence.*

If the language of an alleged libelous article is plain and unambiguous, it is the duty of the court to determine whether or not it is libelous; if, on the other hand, the language is ambiguous and of such a character as to lead a person of ordinary intelligence to infer that a certain charge was made, though not in plain words, then the court may submit the question to the jury provided there be a proper innuendo in the complaint.

Where the chief contention in an action of libel, based upon articles published in the defendant's newspaper, charging that the plaintiff had or was attempting to put his wife in an insane asylum, notwithstanding the fact that she was sane, is whether or not the plaintiff's wife was sane, and it appears upon the trial that the plaintiff's wife was placed in an insane asylum by her brother, and that, after the latter did so, he wrote the plaintiff a letter stating facts which established her insanity, it is error for the court to permit the plaintiff to offer such letter in evidence.

O'Brien, J., dissented.

Appeal by the defendant, the Press Publishing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of May, 1902, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 12th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

*John M. Bowers,* for the appellant.

*James L. Bennett,* for the respondent.

McLaughlin, J.:

This action was brought to recover damages for the publication of alleged libels. The plaintiff had a verdict, and from the judgment entered thereon defendant has appealed.

Two errors were committed on the trial which necessitate a reversal of the judgment, (1) in permitting the jury to infer that the articles published charged the defendant with endeavoring to poison his wife ; and (2) in admitting in evidence, against defend-

ant's objection, a letter written to the plaintiff from Neola, Iowa, by Mr. Campbell, a brother of the plaintiff's wife.

It seems unnecessary to consider at length the facts set out in the voluminous record further than to point out the errors referred to. A fair construction of the articles only charges the plaintiff with having attempted to put or putting his wife in an insane asylum without any reason therefor and when she was in fact sane. It is true in one of the articles a statement was made to the effect that the plaintiff, in a proceeding instituted for the purpose of incarcerating his wife in an insane asylum, testified that she had accused him of trying to poison her, but this statement, in connection with the other portion of the article, could not be understood by a person of ordinary intelligence otherwise than as a claim made by the plaintiff that his wife was laboring under an insane delusion when she made the same. The other articles in no way connected the plaintiff with the claim made by the wife that she had been poisoned or that some one was attempting to poison her, and the complaint was evidently drafted upon this theory, because there nowhere appeared in it appropriate allegations by innuendo or otherwise to the effect that damages were claimed because the articles were libelous in that they charged the plaintiff with attempting to poison his wife. Nor did the trial proceed upon any such theory. This is apparent from the evidence introduced, as well as by the statement of plaintiff's counsel in his summing up in which he said to the jury that the issue "is simply this; * * * that this man "— referring to the plaintiff —"formed a madhouse plot to rob his wife of her liberty, to put her into an asylum," when he believed "her to be sane." Notwithstanding that none of the articles charged the plaintiff with having attempted to poison his wife — that the complaint did not predicate a recovery upon that ground, and that the plaintiff's counsel did not make any such claim to the jury — the learned trial justice nevertheless stated to the jury that he would permit them to determine whether the articles did, in fact, charge the plaintiff with having "been guilty of an attempt to poison his wife." An exception was duly taken to such instruction. The law is clear, that if the language of an article is plain and unambiguous, it is the duty of the court to determine whether or not it is libelous; if, on the other hand, the language is ambiguous, and of such a character as to lead a person of ordinary intelli-

gence to infer that a certain charge was made, though not in plain words, then the court may submit the question to the jury, providing there be a proper innuendo in the complaint. (*Moore* v. *Francis*, 121 N. Y. 199; *Beecher* v. *Press Pub. Co.*, 60 App. Div. 536.) Here, the language is not ambiguous. As already indicated, no person of ordinary intelligence, after reading the articles, could even infer that they charged the plaintiff with poisoning his wife, or with any charge other than that of attempting to incarcerate her in an insane asylum without any reason therefor. The jury should have been so instructed, and in instructing otherwise the court erred.

The issue presented by the pleadings was whether the plaintiff had, or was attempting to, put his wife in an insane asylum, notwithstanding the fact that she was sane. The plaintiff, by his complaint, based upon the articles, sought to recover damages from the defendant because such charge, without any basis therefor, had been made. The answer admitted the publication of the articles and in effect alleged that the same were true, and this was the issue, and the only issue, which was tried. During the course of the trial it appeared that the plaintiff's wife, prior to the publication of the articles, visited her brother, who lived at Neola, Iowa, and that upon her arrival there the brother induced her to accompany him to Council Bluffs, Iowa, where he placed her in an insane asylum. After he had done this he wrote the plaintiff a letter in which he set out at length what he had done and the reasons therefor, and stated facts which conclusively established, it is fair to infer, to his satisfaction at least, the insanity of the plaintiff's wife. This letter the plaintiff was permitted to introduce in evidence, against defendant's objection, and it does not require argument to demonstrate that it was very material as bearing upon the issue being tried. The plaintiff claimed that he was justified in doing what he did, because his wife was insane. The articles charged, and defendant's answer asserted, that there was no justification for his act, inasmuch as the wife was sane. That his wife was placed in an insane asylum by her own brother was just the kind of evidence calculated to, and which unquestionably did, influence the jury in reaching their verdict. The admission of the letter in evidence is sought to be sustained upon the ground that the cross-examination of the plaintiff justified it; but a consideration of the record shows that there is no

basis for the claim.   Not a single question was put by defendant's counsel as to the contents of the letter, and any testimony given bearing upon that subject was a voluntary statement made by the plaintiff.   Defendant was not present when the letter was written, had no knowledge of its contents, and of course was not bound by any of the statements contained in it.   It was not competent evidence bearing upon the issue and should have been excluded.

Other errors are alleged, but we deem it unnecessary to consider them here.

The judgment and order must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and INGRAHAM, J., concurred; HATCH, J., concurred on the last ground stated in the opinion; O'BRIEN, J., dissented.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.